[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 28 January 1994 Date of Application: 10 February 1994 Date Application Filed: 17 February 1994 Date of Decision: 25 October 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven, Docket No. 7-132175.
Charles K. Thompson, Esq., for the Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney for the State.
BY THE DIVISION
The petitioner entered pleas of guilty to one count of Assault 2nd Degree in violation of Conn. Gen. Stat. § 53a-60(a)(1) and Failure to Appear 1st Degree in violation of Conn. Gen. Stat. § 53a-172. He was sentenced to five years, execution suspended after four years with three years probation on the Assault count, and five years, execution suspended after three years with three years probation on the second count. Both sentences are to run consecutive to each other for a total effective sentence of ten years, execution suspended after serving seven years.
The record shows that the petitioner was involved in a bar fight in the town of Meriden. After being ejected earlier in the evening, the petitioner along with another person went back to the bar and began to assault the remaining patrons. During that time, a patron was assaulted and suffered a broken neck and traumatic brain injury. The victim did not regain consciousness for a period of days and was hospitalized for five weeks. The victim required extensive speech and physical therapy as a result of the attack. The victim still suffers from some balance, muscle, speech, mood and memory problems.
The attorney for the petitioner described the sentence imposed by the court as being harsh. Counsel felt that the petitioner's involvement in the melee was limited to only one punch. Based upon that minuscule involvement counsel asked the panel to run the sentence concurrent for a total sentence of four years to serve.
The attorney for the state argued that the minimal involvement of the petitioner was reflected in the lesser charge that was lodged against the petitioner. Counsel noted that the petitioner was a willing participant in the fight and that the injuries suffered by the victim were not of the typical barroom fight. Indicating that the injuries were serious and long term in duration, counsel felt the sentence should be upheld. In closing counsel noted that the petitioner had twelve prior convictions and that two were assault convictions. He urged affirmance.
The petitioner addressed the panel indicating that his problems center on his serious battle with drugs and alcohol. He indicated that he has found a new life and would remain free of drugs and alcohol if his sentence was reduced. CT Page 12060
In reviewing the sentencing remarks of the court, they show that the court weighed heavily the willingness of the petitioner to participate in the assault, and the fact that the petitioner had twelve prior arrests. The transcript also indicates that the sentencing court added into the decision the fact that the petitioner failed to appear for his trial. Taking into consideration the seriousness of the injuries received by the victim, the fact that the petitioner was no stranger to the criminal justice system and adding the failure to appear the sentence imposed by the court passes the requirements of P.B. 942. The sentence is affirmed.
Norko, J.
Klaczak, J.
Stanley, J.
Norko, J., Klaczak, J. and Stanley, J. participated in this decision.